## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN BERMAN, | ) | 3:13-cv-00365-RCJ-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | July 9, 2013 |
| KNIFE RIVER CORPORATION, | ) | |
| Defendant. | ) | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>KATIE LYNN OGDEN</u>   REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's Emergency Motion to Quash Subpoena (Doc. #1) and Plaintiff's Clarified/Revised Emergency Motion to Quash Subpoena (Doc. #4). Plaintiff's motions, which do not appear to have been served on opposing counsel (no certificate of service is attached to Plaintiff's motions) do not comply with Local Rule 7-5 which reads, in pertinent part, as follows:

(b) All *ex parte* motions, applications or request shall contain a statement showing good cause why the matter was submitted to the court without notice to all parties.

\* \* \*

(d) Written request for judicial assistance in resolving an emergency dispute shall be . . . accompanied by an affidavit setting forth:

(1) The nature of the emergency;
(2) The office addresses and telephone numbers of movant and all affected parties; and,
(3) A statement of movant certifying that, after personal consultation and sincere effort to do so, movant has been unable to resolve the matter without Court action. The statement also must state when and how the other affected party was notified of the motion or, if the other party was not notified, why it was not practicable to do so. \* \* \*

Plaintiff's emergency motions (Docs. # 1 and # 4) are therefore denied.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: <u>       /s/       </u>
Deputy Clerk