UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN BERMAN, | ) | 3:13-cv-00365-RCJ-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| KNIFE RIVER CORPORATION, | ) | |
| Defendant. | ) | |

Before the court is Plaintiff's filing entitled, "Proof of Service of Motion for Reconsideration of Clarified/Revised Emergency Motion to Quash Subpoena Re: Case Pending in Nor. Dist. Of Cal.; 5:2011 cv 3698 PSG; Request for Medical Record Filing Under Seal; Request for Approval of Redactions." (Doc. ## 7, 8.) The gravamen of this document and the underlying Motion to Quash Subpoena (Doc. #2, as "revised" by Doc. # 4) is the extent to which Defendant in a personal injury action may have complete access to Plaintiff's medical records. The substantive issue presented by Plaintiff's filings is <u>not</u> whether Defendant can subpoena and secure medical records in Nevada for use in a California personal injury action. Rather, the dispute is whether the entire content of Plaintiff's medical records may be secured or whether records should be redacted due to the "highly-sensitive content" of certain information which Plaintiff represents are found in his medical files. (Doc. # 4 at 3.)

Without getting into the myriad of procedural disputes and irregularities which permeate Plaintiff's various filings, or whether a motion for reconsideration is even cognizable herein, it appears to this court that the substantive issue presented by Plaintiff's filings may have already been addressed – and denied – by the United States District Court for the Northern District of California in *Berman v.*

*Knife River Corporation*, 5:2011 cv 03687 PSG, Doc. # 141. (See, Doc. # 12 at 12, ¶ 8.) Defendant's counsel's Declaration represents "the court in the [California] action denied [Plaintiff's] motion, stating, among other things, 'Berman's request for a TRO is denied given that he has provided little basis to support his request."(*Id.*)

If, however, the United States District Court for the Northern District of California has not already disposed of the issue of the extent of access Defendant may have to Plaintiff's medical records, it appears to this court this issue is still better resolved by the Northern District of California. This court has little information about the subjects of Plaintiff's personal injury claim, including causation, pre-existing conditions, etc. If, as Defendant suggests, the appointment of a special master might be appropriate for the "consideration of potential redactions from Plaintiff's medical records" (Doc. # 12 at 13, ¶ 10), such a procedure would be better administered and overseen by the United States District Court for the Northern District of California, not the District of Nevada. The Declaration of Defendant's California counsel substantiates this assessment:

> The Special Master or other independent neutral would need to be fully advised of the injuries claimed by Berman in the Action, and understand that the medical records to be produced would be those relevant to those claimed injuries including preexisting conditions relevant to the alleged areas affected, previous injuries and surgeries relevant to the areas affected, post-incident injuries to or surgeries regarding the areas affected, and other physical conditions affecting the areas affected that might contribute to plaintiff's alleged past or ongoing injuries. In addition any maters redacted from the medical records subpoenaed from Berman's treating physicians would have to be ordered inadmissible in the Action in support of Berman's claimed injuries or damages.

(Doc. # 12, at 13:7-15.)

Whether the procedural irregularities of Plaintiff's underlying motion have been satisfied (which is still questionable) is now secondary to the substantive issue whether certain components of Plaintiff's medical records should be redacted. In this court's opinion, as stated above, there is no doubt Defendant is entitled to secure records from those health care providers Plaintiff himself identified as having knowledge of the injuries he claims to have sustained in his motorcycle accident. (Doc. #12 at 11, ¶¶ 4, 5.) That would include the records of "Dr. Filippini (deceased) and Dr. Higgins" in Reno (*id.* at ¶ 5). Where there appears to be a question between the parties is whether certain aspects of the records of those health care providers whom Plaintiff has identified as having discoverable knowledge of his

1  personal injuries should be redacted. Again, this dispute is seemingly best resolved in the United States
2  District Court where the action is pending.
3      Plaintiff's motions for reconsideration (Doc. ## 7, 8) are **DENIED.**

5  **IT IS SO ORDERED.**

7  DATED: August 21, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE